Filed 8/12/26  P. v. Lakey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DERRICK LAKEY,<br>　　　Defendant and Appellant. | C103861<br><br>(Super. Ct. Nos.<br>STKCRFE19960005306,<br>SCO59733B) |

Defendant Derrick Lakey appeals from a postconviction order denying his request for recall of sentence and resentencing.  Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and asking this court to exercise its discretion to conduct an independent review of the record.  Defendant filed a supplemental brief.  We affirm.

## I.  BACKGROUND

In 1996, a jury found defendant guilty of various crimes, including murder (Pen. Code, § 187)[1] and two counts of attempted murder (§§ 664/187).  The trial court sentenced defendant to an aggregate term of 46 years and four months to life.  On direct appeal, we initially reversed some of defendant's convictions.  (*People v. McCoy* (May 7,

---

[1] Undesignated statutory references are to the Penal Code.

1

2002, C024654) [nonpub. opn.].)[2]  But after our Supreme Court reversed our decision and remanded the case (see *People v. McCoy* (2001) 25 Cal.4th 1111, 1123), we ultimately affirmed the judgment.  (*People v. McCoy, supra*, C024654.)

In 2019, defendant filed a petition for resentencing pursuant to what is now section 1172.6.  (*People v. Lakey, supra*, C089487.)  The trial court denied the petition without appointing counsel.  (*Ibid*.)  On appeal, we concluded that any error in not appointing counsel was harmless, as defendant was ineligible for relief because he necessarily acted with malice.  (*Ibid*.)

In 2022, defendant filed a second petition for resentencing under what is now section 1172.6.  (*People v. Lakey, supra*, C099431.)  The trial court again denied the petition, and we again affirmed the denial on appeal, explaining:  "The court did not instruct the jury on the felony-murder rule, the natural and probable consequences doctrine, or any other theory of imputed malice ….  By finding defendant guilty of murder in the first degree … the jury necessarily concluded that, based on his own acts or as an aider and abettor, defendant harbored malice."  (*Ibid*.)

In 2025, defendant filed a request for recall of sentence and resentencing pursuant to Assembly Bill No. 2483 (2023-2024 Reg. Sess.) and section 1171, asserting that he was eligible for consideration of a new sentence.  Using a checkbox form, defendant indicated his eligibility was based on numerous statutes, including sections 1172.1, 1172.6, 1172.7, and 1172.75.  Defendant argued it was in the interest of justice that he be

---

[2] On the court's own motion, we take judicial notice of this court's unpublished opinions in defendant's appeals of the original judgment (*People v. McCoy, supra*, C024654), the order denying defendant's first resentencing petition (*People v. Lakey* (Sept. 16, 2020, C089487) [nonpub. opn.]), and the order denying his second resentencing petition (*People v. Lakey* (Aug. 29, 2024, C099431) [nonpub. opn.]).  (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a).)

resentenced because of alleged errors at his original trial.  The trial court summarily denied the request in a written order.

Defendant timely appealed.

## II.   DISCUSSION

Appellate counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*Delgadillo, supra*, 14 Cal.5th at pp. 231-232.)  Defendant was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  Defendant filed a supplemental brief.

In *People v. Wende* (1979) 25 Cal.3d 436, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous."  (*Delgadillo, supra*, 14 Cal.5th at p. 221.)  The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution."  (*Ibid.*)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required.  (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.)  The Supreme Court laid out applicable procedures for such cases, explaining that when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion."  (*Id*. at p. 232.)  But the filing of a supplemental brief does not compel the court to independently review the entire record to identify unraised issues, though it may exercise its discretion to do so. (*Ibid.*)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6.  (*Delgadillo, supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other

3

postconviction contexts, which may present different considerations"].)  Here, because defendant invoked numerous statutes in his request for resentencing, the postconviction order technically extends to statutes other than section 1172.6.  Nonetheless, the same principles articulated in *Delgadillo* may apply, given that this was not defendant's first appeal of right.  Following *Delgadillo*'s guidance, we shall consider the arguments defendant raises in his supplemental brief.

In his supplemental brief, defendant submits an "affidavit of facts to correct and augment the official record with newly discovered evidence."  (Capitalization omitted.) Defendant asserts that the statement seeks to "correct the record" on the events that resulted in his convictions.  He claims that the state's star witness fabricated a story and that the trial judge "did something underhanded and covered something up along with the D.A."  Defendant also includes several pages from a petition for a writ of habeas corpus that was filed as a separate matter in this court.[3]

Defendant's supplemental brief fails to raise any legal argument as to why the trial court erred in denying defendant's postconviction request for recall of sentence and resentencing.  Accordingly, defendant fails to establish that the court erred in denying his request.

---

[3] We denied defendant's petition for a writ of habeas corpus in that separate matter.  (See *In re Derrick Lakey* (July 24, 2026, C106729).)

4

## III.   DISPOSITION

The order summarily denying defendant's request for recall of sentence and resentencing is affirmed.

/S/
RENNER, Acting P. J.

We concur:

/S/
MESIWALA, J.

/S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.